

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WENDY WOMBLE                                CASE NO.: 5:13cv79DCB-MTP

    Plaintiff,

vs.

MPH INVESTMENTS OF MISSISSIPPI, INC.
d/b/a LADY LUCK HOTEL & SUITES

    Defendant.
_____/

## COMPLAINT

Plaintiff, WENDY WOMBLE ("WOMBLE"), sues MPH INVESTMENTS OF MISSISSIPPI, INC. d/b/a LADY LUCK HOTEL & SUITES ("LADY LUCK") and alleges as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief against LADY LUCK for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (the "ADA"), which prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

2. Congress directed the Department of Justice ("DOJ") to promulgate regulations implementing Title III's prohibition against discrimination. 42 U.S.C. 12186. Pursuant to this mandate, the DOJ published the original ADA Standards for Accessible Design on July 26, 1991. 28 C.F.R. Pt. 36, App. D.

3. On September 15, 2010, the DOJ published revised accessibility standards called the 2010 ADA Standards for Accessible Design (the "2010 Standards").[1] The 2010 Standards set the minimum requirements for making newly constructed or altered swimming pools accessible to individuals with disabilities. Further, public accommodations must bring existing pools into compliance with the 2010 Standards to the extent that it is readily achievable.[2]

4. As set forth below, LADY LUCK has denied WOMBLE the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by LADY LUCK, in violation of Title III of the ADA.

## PARTIES, JURISDICTION, & VENUE

5. WOMBLE is an individual and resides in Warren County, Mississippi. WOMBLE is paralyzed from the chest down and uses a wheelchair for mobility. This physical impairment substantially limits her major life activities of walking and standing.

6. WOMBLE is considered an individual with a disability within the meaning of 42 U.S.C. § 12102.

7. LADY LUCK is a domestic Mississippi corporation with its principal office address at 100 2nd Avenue South, Suite 1103-S, St. Petersburg, Florida 33701.

8. Upon information and belief, LADY LUCK is the owner, lessor, or operator of the hotel known as the "Lady Luck Hotel," located at 1380 Warrenton Rd, Vicksburg, Mississippi, 39180 (the "Hotel").

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

---

[1] The 2010 Standards for public accommodations and commercial facilities consist of the Title III regulations at 28 CFR part 36, subpart D and the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR part 1191, appendices B and D.
[2] See, United States Department of Justice, Civil Rights Division, Disability Rights Section, "Accessible Pools," May 24, 2012 (http://www.ada.gov/pools_2010.htm).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

11. On March 13th, 2013, WOMBLE checked into a room at the Hotel, accompanied by her daughter and two friends. On that date, WOMBLE desired to use the Hotel's pool, which she had noticed was equipped with a fixed pool lift.

12. When maintained in proper working condition, pool lifts are designed to provide disabled individuals an accessible means of entry into a swimming pool.

13. When WOMBLE inquired about using the lift, the Hotel's front desk clerk responded that she would not be able to assist WOMBLE because she didn't know how the lift operated.

14. WOMBLE then returned to the pool to examine the lift and saw that it needed a key. She obtained the key from the front desk clerk and attempted to turn on the lift, but was it was not in working condition.

15. Thereafter, the manager attempted to repair the lift. As a result of this effort, the pool the lift operated to swing WOMBLE out over the water, but did not lower WOMBLE into the pool.

16. Because the lift was not in proper working condition, WOMBLE was suspended in midair, dangling over the water in front of a crowd of onlookers. WOMBLE endured this humiliation for approximately thirty (30) minutes.

17. When she was finally placed over the ground, the lift would not operate to raise her back into her wheelchair. WOMBLE's friend had to use a sliding board to help WOMBLE back into her wheelchair.

18. Thereafter, the Hotel's manager informed WOMBLE that there was nothing she could do if the lift was broken and that WOMBLE's disability was "not her problem."

19. At all times that the lift was inoperable and not working, the pool remained open to others.

20. Although the Hotel's maintenance staff repaired the pool lift the following day, WOMBLE's experience on March 13, 2013 caused her severe discomfort, embarrassment, and emotional distress.

### COUNT I—VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, ET SEQ.

21. WOMBLE realleges and incorporates the allegations of Paragraphs 1-20 as if fully set forth herein.

22. Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

23. LADY LUCK's Hotel affects commerce and is considered a place of "public accommodation," as that term is defined in 42 U.S.C. § 12181(7)(A).

24. The term "disability" includes physical and mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(2). As set forth above, WOMBLE is disabled within the meaning of the ADA.

25. Discrimination for purposes of 42 U.S.C. § 12182(a) includes: "a failure to remove architectural barriers . . . in existing facilities, where such removal is readily achievable," under 42 U.S.C. § 12182(b)(2)(A)(iv).

26. The installation and maintenance of an available and operational pool lift is a readily achievable method to remove physical barriers at the Hotel's pool.

27. The DOJ's accessibility standards require that accessible pool features, such as pool lifts, must be maintained in operable, working condition so that persons with disabilities have access to the pool whenever the pool is open to others.[3]

28. LADY LUCK has failed to maintain the pool lift at its Hotel in operable, working condition so that persons with disabilities have access to the pool when it is open to others.

29. The DOJ accessibility standards also provide that "ongoing staff training is essential to ensure that accessible equipment (particularly pool lifts) and pool facilities are available whenever a pool is open. Staff training should include instruction on what accessible features are available, how to operate and maintain them, and any necessary safety considerations."

30. Upon information and belief, LADY LUCK controls the policies, procedures, and practices followed by its employees related to disabled individuals who seek to use the Hotel's pool.

31. LADY LUCK has failed to properly train the Hotel's staff to ensure that the pool lift is available to disabled individuals whenever the pool is open.

32. The actions/inactions of LADY LUCK described herein discriminate against WOMBLE because of her disability by excluding her from the full and equal enjoyment of the

---

[3] *See*, United States Department of Justice, Civil Rights Division, Disability Rights Section, "Accessible Pools," May 24, 2012 (http://www.ada.gov/pools_2010.htm).

goods, services, facilities, privileges, advantages, or accommodations offered by LADY LUCK at the Hotel, in violation of the ADA, 42 U.S.C. § 12182(a).

33. LADY LUCK's violations of the ADA caused WOMBLE to suffer severe discomfort, embarrassment, and emotional distress.

34. WOMBLE desires to visit the Hotel in the future, once its policies, practices, and procedures come into compliance with the ADA.

35. WOMBLE has suffered direct and indirect injury as a result of LADY LUCK's discrimination. Until LADY LUCK is compelled to comply with the requirements of the ADA, her injury will continue.

36. WOMBLE is without adequate remedy at law and is suffering irreparable harm.

37. All other conditions precedent have been satisfied by WOMBLE or have been waived by LADY LUCK.

38. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant WOMBLE injunctive relief.

39. WOMBLE has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from LADY LUCK pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, WOMBLE respectfully requests:

a) The Court issue a Declaratory Judgment that determines that LADY LUCK is in violation of Title III of the ADA;

b) Injunctive relief against LADY LUCK, including an order to require LADY LUCK to make the Hotel's pool readily accessible to and usable by individuals with disabilities to the extent required by Title III of the ADA;

c) An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205;

d) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the ADA.

Dated: May 29th, 2013

_____
OMAR NELSON


Of Counsel:

Omar L. Nelson
Mississippi Bar No. 100105
Morgan & Morgan
188 E. Capitol Street
Ste. 777
Jackson, MS 39201
Phone: 601-949-3388
Facsimile: 601-949-3399
onelson@forthepeople.com