```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION


WENDY WOMBLE                                          PLAINTIFF

VS.                                      3:13-CV-882(DCB)(MTP)

MPH INVESTMENTS OF MISSISSIPPI, INC.
d/b/a LADY LUCK HOTEL & SUITES                        DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the defendant ("MPH")'s motion for summary judgment **(docket entry 9)**. Having carefully considered the motion and the plaintiff's response, as well as the memoranda and the applicable law, the Court finds as follows:

The plaintiff, Wendy Womble ("Womble") filed her Complaint on May 30, 2013, under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA"). Womble, a resident of Warren County, Mississippi, is paralyzed from the chest down, uses a wheelchair for mobility, and is considered an individual with a disability under 42 U.S.C. § 12101. Complaint, ¶¶ 5-6. On March 13, 2013, Womble checked into a room at the defendant's hotel, Lady Luck Hotel & Suites, and attempted to access the hotel's swimming pool through use of the pool lift. The lift malfunctioned and Womble was unable to utilize the pool. Complaint, ¶¶ 11-19. The hotel's maintenance staff repaired the pool lift the following day. However, Womble claims that she experienced severe discomfort, embarrassment, and emotional distress as a result of the lift malfunctioning on March 13, 2013. Complaint, ¶ 20.

The plaintiff further alleges that the pool lift was not maintained in operable, working condition so that persons with disabilities would have access to the pool. Complaint, ¶ 28. She also alleges "on information and belief," that MPH failed to properly train the hotel's staff to ensure that the pool would be available to disabled individuals whenever the pool was open. Complaint, ¶ 31.

Womble states that she desires to visit the Lady Luck Hotel & Suites in the future, "once its policies, practices, and procedures come into compliance with the ADA." Complaint, ¶ 34. She seeks a declaratory judgment that MPH is in violation of Title III of the ADA; injunctive relief against MPH, including an order to require MPH to make the pool readily accessible to and usable by individuals with disabilities to the extent required by Title III of the ADA; and attorney's fees, costs, and litigation expenses. Complaint, Prayer for Relief, ¶¶ (a)-(c).

MPH moves for summary judgment on all claims. Under Federal Rule of Civil Procedure 56, summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. In evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). However, no genuine issue of fact exists if the record taken as a whole could not lead

a rational trier of fact to find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 248 (a genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party").  The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  Id.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50.  Summary judgment is also proper if the party opposing the motion fails to establish  an essential element of her case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The non-moving party must do more than simply deny the allegations raised by the moving party. Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Instead, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).

     MPH first moves for summary judgment on the plaintiff's monetary damages claim.  The ADA contains provisions for enforcement of Title III by both a private right of action and a right of action by the Attorney General. See, e.g., 42 U.S.C. § 12188(a).  Monetary damages are not available in private suits

3

under Title III.  Id.  Instead, the only remedies available in private actions are declaratory relief, injunctive relief, attorney fees and costs.  Id.  The plaintiff does not address monetary damages in her response to the summary judgment motion.  It is not clear to the Court that the plaintiff is seeking monetary damages in the first place; however, by her silence she acknowledges that she is either not seeking monetary damages or is not entitled to them.

The defendant next argues that the plaintiff is not entitled to injunctive relief because there are no current alleged barriers to accessibility.  The pool lift was repaired the day after the plaintiff's incident, as the plaintiff acknowledges.  Since the pool was accessible the next day, the defendant contends that injunctive relief is unnecessary, and that the plaintiff therefore lacks standing to bring this action.  In response, the plaintiff states that she seeks declaratory and injunctive relief to require the defendant to adopt proper policies and procedures for training the hotel's staff to ensure that the pool lift is functional whenever the pool is open.

The party invoking federal jurisdiction bears the burden of establishing the elements of standing and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the

4

litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  A plaintiff must have standing at the time a lawsuit is filed.  Id. At 569 n.4.  Events occurring after the lawsuit has been filed may be relevant to whether the claim has become moot, but are not relevant to whether a plaintiff has standing in the first instance.  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190-91 (2000).

In this case, the defendant contends that the plaintiff's incident at the pool was the result of an isolated malfunction of the lift; the plaintiff, on the other hand, alleges that it was the result of the defendant's failure to train its employees.  See Stan v. Wal-Mart Stores, Inc., 111 F.Supp.2d 119, 127 (N.D. N.Y. 2000)("under the ADA, [d]efendants can and must ensure that they adopt the proper policies and procedures to train their employees on dealing with disabled individuals and make reasonable efforts to ensure that those policies and procedures are properly carried out and enforced").

In her Complaint, the plaintiff alleges:

> On March 13th, 2013, WOMBLE checked into a room at the Hotel, accompanied by her daughter and two friends.  On that date, WOMBLE desired to use the Hotel's pool, which she had noticed was equipped with a fixed pool lift.
>
> . . .
>
> When WOMBLE inquired about using the lift, the Hotel's front desk clerk responded that she would not be able to assist WOMBLE because she didn't know how the lift operated.

> WOMBLE then returned to the pool to examine the lift and saw that it needed a key.  She obtained the key from the front desk clerk and attempted to turn on the lift, but [] it was not in working condition.
>
> Thereafter, the manager attempted to repair the lift.  As a result of this effort, the pool [] lift operated to swing WOMBLE out over the water, but did not lower WOMBLE into the pool.
>
> Because the lift was not in proper working condition, WOMBLE was suspended in midair, dangling over the water in front of a crowd of onlookers.  WOMBLE endured this humiliation for approximately thirty (30) minutes.
>
> When she was finally placed over the ground, the lift would not operate to raise her back into her wheelchair.  WOMBLE's friend had to use a sliding board to help WOMBLE back into her wheelchair.
>
> Thereafter, the Hotel's manager informed WOMBLE that there was nothing she could do if the lift was broken and that WOMBLE's disability was "not her problem."

Complaint, ¶¶ 11, 13-18.

The defendant's Answer asserts that "Plaintiff's requested modifications of policies, practices, and procedures are not necessary to Plaintiff's equal access to the portions of the hotel that operate as a place of public accommodation and/or are not reasonable modifications to policies, practices, and procedures." Answer, ¶ 9.  No further elaboration is presented.  The defendant's motion for summary judgment does not address the plaintiff's "failure to train" claim.  Furthermore, following the plaintiff's response to the motion for summary judgment, the defendant did not file a rebuttal brief.

Both parties' submissions are inadequate.  Neither side has

submitted competent evidence in support of their respective positions. Federal Rule of Civil Procedure 56(c) provides:

> **(1) Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c).

The original discovery deadline in this case was January 3, 2014. On January 3, 2014, MPH sought an extension of the discovery deadline, and on January 10, 2014, the deadline was extended to March 4, 2014. The defendant's motion did not refer to any specific discovery requests. Absent the submission of competent record evidence, the Court cannot evaluate whether the record discloses disputed issues of material fact. The defendant's motion shall therefore be granted as to the plaintiff's monetary damages claim, and denied without prejudice as to the plaintiff's failure to train claim.

This case is scheduled for a pretrial conference on July 15, 2014. The Court suggests that the parties discuss with Magistrate Judge Parker whether, in light of this Memorandum Opinion, they

7

desire to conduct further briefing and/or engage in further discovery, and whether either party desires a trial continuance. Accordingly,

IT IS HEREBY ORDERED that the defendant MPH Investments of Mississippi, Inc.'s motion for summary judgment **(docket entry 9)** is granted in part and denied in part as follows: GRANTED as to the plaintiff's monetary damages claim, and DENIED WITHOUT PREJUDICE as to the plaintiff's "failure to train" claim.

SO ORDERED, this the 14th day of July, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE